IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TOMMIE WILLIAM SANDERS,       )
                              )
            Petitioner,       )
                              )
vs                            )   CIVIL ACTION NO. 97-N-2770-S
                              )
WARDEN BILLY MITCHEM and      )
THE ATTORNEY GENERAL FOR THE  )
STATE OF ALABAMA,             )
                              )
            Respondents.      )

ENTERED
SEP 10 1998

## MEMORANDUM OF OPINION

The petitioner was convicted on drug offenses in Jefferson County Circuit Court and was sentenced on June 27, 1997, as a habitual offender under Alabama law. He is presently appealing that conviction and sentence in state court. In his petition for writ of habeas corpus, which was filed with this Court on October 20, 1997, he challenges the June 27, 1997 conviction and sentencing, as well as his resentencing in a previous drug case on November 27, 1991, that was used as a sentence enhancement on the most recent conviction. The petition was referred to a magistrate judge for preliminary review and recommendation. The magistrate judge recommended that the petition be dismissed.

Under the Anti-Terrorist and Effective Death Penalty Act (AEDPA), an application for writ of habeas corpus cannot be granted unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A). *See also Picard v. Connor*, 404 U.S. 270, 275 (1971)("It has been settled since *Ex parte Royall* 117 U.S. 241 (1886), that a state prisoner must normally exhaust available

state judicial remedies before a federal court will entertain his petition for habeas corpus.") Because the petitioner has a pending appeal and the availability of post-conviction relief under *Ala. R. Crim. P. 32*, he has not exhausted available state remedies to contest his recent conviction and sentence. Accordingly, this portion of the petition is due to be dismissed without prejudice to afford him the opportunity to exhaust his state remedies.

To the extent he is challenging his prior convictions and resentencing on the underlying drug offenses that were used to enhance his sentence on the most recent conviction, this Court begins with the premise that a petitioner may challenge an expired prior conviction in federal court if at the time of the filing of his petition he is incarcerated under a sentence that has been enhanced by the expired conviction. *Van Zant v. Florida Parole Commission,* 104 F.3d 325, 327 (11th Cir. 1997). He must still have properly raised his federal constitutional claims in state court or he will be procedurally barred from pursuing them in federal court. *See Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). The petitioner has failed to do this. He acknowledges this and states that he is now procedurally barred from raising the challenges to the earlier convictions. *See McHarris v. State*, 623 So. 2d 400 (Ala. Crim. App. 1993); *Ala. R. Crim. P. 32.(c)*.

There are only two exceptions that allow this court to review the merits of a claim that has been procedurally defaulted. First, the claim may be reviewed where the petitioner demonstrates both cause excusing the default and actual prejudice resulting from the bar. *Teague*, 489 U.S. at 298. Second, in extraordinary cases, a federal court may grant the writ without a showing of cause and prejudice to correct "a fundamental miscarriage of justice." *Hill v. Jones*, 81 F.3d 1015, 1022-23 (11th Cir. 1996), *cert. denied,* ___U.S.___, 117 S. Ct. 967 (1997). Under the latter exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.*

In the present case, there has not been a showing of cause excusing the procedural default concerning the November 27, 1991 resentencing or a showing of a "fundamental miscarriage of justice". Accordingly, these claims may not be reviewed by this Court.

Having considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner, the Court has reached an independent conclusion that the petitioner's challenges to his November 27, 1991 resentencing are procedurally barred from review and any challenge to the July 27, 1997 conviction and sentence is due to be dismissed without prejudice to allow the petitioner to present his claims in state court. An appropriate order will be entered.

Done this the 10th day of September, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE